KLEINFELD, Senior Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from the decision to reverse and remand the district court’s grant of summary judgment on Rollins’ discrimination claim. I concur in the decision affirming the district court’s dismissal of his remaining claims.
Rollins’ evidence did not show that Araujo and Kremer were similarly situated individuals treated more favorably than him for similar misconduct.[1]
Both Araujo and Kremer were warned and required to obtain doctors’ notes in the future for suspected misuse of sick leave. Rollins was disciplined more harshly than them for being absent without leave. Though other employers might treat both sorts of absences as equivalent, the Navy did not. The Navy treats AWOL as a much more serious offense.[2] Rollins compounded his unexcused absence by refusing to return to work when his supervisor ordered him to. And he had a prior incident in his disciplinary record. Neither Araujo nor Kremer had similarly refused direct orders or had prior disciplinary records. The only other evidence about an AWOL employee was testimony about a white officer who, like Rollins, was recommended for suspension for being AWOL. The white officer was later terminated for his conduct. Rollins retired with full benefits.
The record does not support the inference that Rollins’ supervisors discriminated against him on account of race. The supervisor who notified Rollins of the proposed suspension for being AWOL got Rollins the job at Monterey in the first place, and lived with Rollins for a time. They were apparently friends until Rollins *621 evicted his supervisor for failing to pay rent. Even if some personal hostility rather than work performance motivated the discipline, this history only supports an inference of a hostile relationship based on a dispute over money, not race. Kenneth Bench, the supervisor who initially lowered Rollins’ proposed suspension from 14 to 7 days, also offered Rollins the alternative dispute agreement, under which Rollins served a probationary period and ended up never serving an unpaid suspension. Jeffrey Pray, the supervisor who did not authorize Rollins’ leave in July 2010 and reported him AWOL, continued to approve Rollins’ leave requests after the AWOL incident. There is no genuine issue of fact supported by evidence cognizable under Rule 56 as to whether Rollins was discriminated against based on his race.

. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1114 (9th Cir.2011).

. Compare Suppl. ER 398 (when sick leave abuse is suspected, a supervisor may issue a letter of requirement, requiring the employee to obtain a doctor's note for each subsequent day of sick leave requested), and id. at 572 (same), with id. at 573 (AWOL "will be charged to an employee who absents [himself] from an appointed place of duty without approval,’’ and results in mandatory disciplinary action), and id. at 375 (punishment for AWOL first offenses ranges from reprimand to removal, and 5 day suspension to removal for second offenses).